## OUTCAULT ADVERTISING CO. v. SHERMAN DRY GOODS CO.

A clerk in a store of a corporation contracted, without authority, for advertising material for one year, to be supplied each week for a specified sum per week. The managing agents of the corporation, on learning of the contract, immediately canceled it, and five days later notified plaintiff of the clerk's want of authority to make a binding contract, and paid the amount due for material supplied under the contract. Held, that the corporation did not ratify the contract.

Where the answer admitted the incorporation of plaintiff as alleged in the complaint, and denied the other allegations therein, a finding that the allegations of the complaint were untrue included only the allegations controverted by the answer.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by the Outcault Advertising Company against the Sherman Dry Goods Company. From a judgment for defendant, plaintiff appeals. Affirmed.

*Charles M. Stevens,* for appellant.

CORSON, J.  This is an appeal by the plaintiff from a judgment in favor of the defendant, and from the order denying a new trial. The action was instituted by the plaintiff to recover from the defendant the sum of $156, alleged to be due it as damages for breach of contract. It is alleged in the complaint, in substance, that the plaintiff and defendant are corporations, and that on the 13th day of August, 1908, the plaintiff entered into a contract with the defendant, wherein and whereby said plaintiff contracted and agreed to furnish, ship, and supply to the defendant, at Aberdeen, for a period of one year, advertising material, known as Outcault's service de luxe—cuts for each week for advertising purposes—for which the defendant agreed to pay the plaintiff the sum of $4 per week for the term of one year; that, on or about the 30th day of October, and after said plaintiff had furnished

material and personal service for said defendant for the months of September, October, and November, the defendant repudiated said contract, and notified said plaintiff that it would no longer perform the conditions of said contract on its part, and would not pay for the same, and since said date has failed and refused to accept the same. Wherefore the plaintiff demands judgment against the defendant in the sum of $156, with interest and costs.

The defendant by its answer denied all the allegations of the plaintiff's complaint, except the incorporation of the parties, and for further defense alleged that the plaintiff was a corporation created and chartered under and by virtue of the laws of the state of Illinois, and that said corporation had not complied with the provisions of the law of this state, relating to foreign corporations. The defendant further alleged that the contract set out in the plaintiff's complaint was not executed by the defendant, or by any one authorized to execute the same on its behalf, and that said contract was not executed by the authority, acquiescence, or consent of the board of directors of the defendant, or by their authority, and deny that it ever made any payment under the contract in the plaintiff's complaint, or that the plaintiff has sustained any damage in any sum whatsoever.

The case was tried by the court, without a jury, the court finding, in substance, that the plaintiff is a foreign corporation, and had not complied with the laws of this state with reference to foreign corporations doing business therein; that the contract upon which said suit was instituted was not executed by the authority of the board of directors of the defendant corporation, and that the same was not ratified or confirmed by the defendant corporation, and that the person who signed said contract was not in any manner authorized by the board of directors of the defendant corporation to execute the same, and that the said contract was not binding upon the defendant; that all material shipped by the plaintiff in and by virtue of the alleged contract was fully paid for. From which findings the court concludes that the plaintiff is not entitled to recover in this action, and that judgment be entered for the defendant. The motion for new trial was made and denied.

In the view we take of this case, it will only be necessary to consider the assignment of error raising the question as to the sufficiency of the evidence to justify the court's findings.

[1] It is disclosed by the evidence that the business of the defendant corporation is managed by a board of three directors, one of whom was Lokken, who owned a few shares of the company's stock, and performed the duties of clerk in the store of the defendant, and that the other directors, Hezel and Stebbins, were the principal owners of the stock and managers of the business; that in August, 1908, said Lokken, without the knowledge or con sent of either Hezel or Stebbins, entered into a contract with the traveling agent or salesman of the plaintiff for supplying the defendant with certain advertising cuts for the term of one year, which was in the form of an order, signed by Sherman Dry Goods Company, per H. O. Lokken.

It clearly appears from the evidence of both Hezel and Stebbins, who were the managing agents of the defendant company, that they had no knowledge of the contract until some time in October, when they were notified by the plaintiff that it would draw upon the defendant for the amount due; that thereupon they investigated the matter, and found that Lokken, their clerk, had signed an order for the cuts or drawings for a term of one year; that they immediately canceled the order, paid the plaintiff the amount due it, and, so far as the defendant company was concerned, terminated the transaction.

The contention of the appellant that the defendant, by accepting the cuts furnished, ratified the action of Lokken in signing the order is clearly untenable. It clearly appears from the testimony of both Hezel and Stebbins that they had no knowledge of the order having been signed by Lokken until some time late in October, and that, as soon as they knew of the fact that such an order or contract had been made, the contract or order was repudiated by them, as the managing agents of the defendant company.

In Shull v. New Birdsall Co., 15 S. D 8, 86 N. W. 654, this court, in discussing the question of ratification, in its opinion says: "It is well-settled law that an act of an agent is not ratified by

the principal, unless the principal is fully advised of all the facts relating thereto, or intentionally, voluntarily, ratifies it without such information. * * * The rule is laid down in Am. & Eng. Enc. Law (2d Ed.) 1189, as follows: 'Knowledge of all material facts and circumstances is an essential element to an effective ratification. Without such knowledge, the adoption of the acts of an unauthorized agent, or one who has exceeded his authority, will not bind the principal; but, on the contrary, if he has given his assent while in ignorance of the facts of the case, he may, on being informed, disavow the unauthorized transaction—'" citing authorities in support of the proposition.

The use of the plaintiff's cuts, therefore, without the knowledge that they were furnished under a contract extending for one year, cannot by any reasonable construction be construed as ratification of the order or contract entered into by Lokken. The trial court was therefore clearly justified in finding upon the evidence that Lokken was not authorized to enter into a contract on behalf of the defendant for furnishing the cuts for one year, or for any specified time, and that the defendant never in any manner ratified the acts of Lokken in entering into the said contract or order after it learned of the existence of such order and the facts connected therewith. When, therefore, the officers of the defendant, upon discovering that such a contract had been made or order given, repudiated it, and immediately notified the plaintiff that it did so repudiate the same, and paid the plaintiff the sum due it for the cuts furnished, the plaintiff had no further claim against the defendants.

It is contended by the appellant that the defendant, in its letter of October 17th, made no reference to the want of authority on the part of Lokken to execute the order, but, in its letter, dated October 22d, five days subsequently, in which the defendant remitted $52 in payment of the amount of the cuts received, it stated that said Lokken had no authority to make such a contract, and that it was not binding upon the defendant company. The omission, therefore, of this statement in its first letter was corrected by the statement made in the second letter last referred to.

[2] The contention of the appellant, that the court erred in its findings that all the facts stated in the defendant's answer were true, and that the facts stated in the plaintiff's complaint were not true, which was erroneous, for the reason that the defendant admitted the first paragraphs of the complaint, alleging the incorporation of the plaintiff and the defendant, is not tenable, as the findings of the court are to be construed with reference to the pleadings. The incorporation of the plaintiff and defendant was admitted by the answer; and hence the findings are to be construed as including the allegations of the complaint denied by the answer. The finding of the court, therefore, that the allegations contained in the plaintiff's complaint were untrue, includes only such allegations as were controverted by the answer, and not those admitted therein. The evidence in the case is quite voluminous, and no useful purpose would be served by its reproduction in this opinion.

Finding no error in the record, the judgment of the circuit court and the order denying new trial are affirmed.

WHITING, J. While I concur in the result reached in the foregoing opinion, I would base such concurrence solely upon the ground that the plaintiff was unauthorized to bring suit, owing to failure to comply with sections 883-885, Rev. Civ. Code. See Sioux Remedy Co. v. Cope, 133 N. W. 683, lately decided by this court.